Harold S. **WRIGHT;** Leimoku, Ltd., a Hawaii Corporation, Plaintiffs–Appellants,

v.

Lance **DUNBAR,** in his individual capacity; Edward Y. Hirata, in his individual capacity and in his official capacity as officer of the State of Hawaii, Defendants,

and

William W. **Paty,** in his individual capacity; Keith W. Ahue, in his individual capacity; Robert O. Siarot, in his individual capacity and in his official capacity as officer of the State of Hawaii; Michael Mangca, in his individual capacity and in his official capacity as officer of the State of Hawaii; John S. Corbin, in his individual capacity and in his official capacity as officer of the State of Hawaii; Michael D. Wilson, in his individual capacity and in his official capacity as officer of the State of Hawaii; Benjamin J. Cayetano, in his individual capacity and in his official capacity as officer of the State of Hawaii; and Bruce S. Anderson, in his individual capacity and in his official capacity as an officer of the State of Hawaii, Defendants–Appellees.

Harold S. Wright; Leimoku, Ltd., a Hawaii Corporation, Plaintiffs–Appellants,

v.

Lance Dunbar, in his individual capacity; William W. Paty, in his individual capacity; Keith W. Ahue, in his individual capacity; Robert O. Siarot, in his individual capacity and in his official capacity as officer of the State of Hawaii; Michael Mangca, in his individual capacity and in his official capacity as officer of the State of Hawaii; John S. Corbin, in his individual capacity and in his official capacity as officer of the State of Hawaii; Michael D. Wilson, in his individual capacity and in his official capacity as officer of the State of Hawaii; Benjamin J. Cayetano; and Bruce S. Anderson, in his individual capacity and in his official capacity as an officer of the State of Hawaii, Defendants–Appellees,

and

Edward Y. Hirata, Defendant.

Nos. 99–15792, 99–16207.
D.C. Nos. CV–97–00137–HG,
CV–97–00137–HG/FIY.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2000.

Decided Jan. 8, 2001.

Before HUG, TROTT, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Harold S. Wright and his tenant, Leimoku, Ltd., brought this action against their neighbor, Lance Dunbar, and various state officials, alleging violations of 42 U.S.C. § 1983 and the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251–1387. The district court granted summary judgment in favor of the state officials on the § 1983 claims asserted against them, and directed the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). Appeal No. 99–15792 followed. Subsequently, the district court entered summary judgment on the § 1983 and CWA claims asserted against Dunbar. Appellants filed Appeal No. 99–16207. We have jurisdiction over these consolidated appeals under 28 U.S.C. § 1291. We affirm the rulings of the district court.

■ 1. The district court properly granted summary judgment on the § 1983 claims against the state officials, who challenge ownership of the property in dispute. They have presented evidence that the State of Hawaii—not appellants—owns the property, thus raising an issue that "implicates special sovereignty interests." *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 281, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). To even reach the constitutional question, we would be required to decide who owns the property, a decision which potentially could "diminish, even extinguish, the State's control over . . . lands and waters long deemed by the State to be an integral part of its territory." *Id.* at 282. As in *Coeur d'Alene Tribe,* the present action is the "functional equivalent of a quiet title action," *id.* at 281, and we con-

clude that "[t]he dignity and status of its statehood allow [Hawaii] to rely on its Eleventh Amendment immunity and to insist upon responding to these claims in its own courts, which are open to hear and determine the case." *Id.* at 287–88 (Eleventh Amendment barred suit against State and various state agencies and officials where the Tribe sought to establish ownership in land). Thus, the Eleventh Amendment bars the § 1983 claim.

■ 2. The district court also properly granted summary judgment in favor of Dunbar on the § 1983 claims. Private persons generally do not act "under color of state law" for purposes of § 1983 liability absent " 'significant state involvement in the action.' " *Johnson v. Knowles,* 113 F.3d 1114, 1118 (9th Cir.) (quoting *Howerton v. Gabica,* 708 F.2d 380, 382 (9th Cir. 1983)), *cert. denied,* 522 U.S. 996 (1997). Dunbar participated in a private organization's project to clean out a nearby stream. The limited use of State equipment and State personnel in the stream cleaning project does not mean that the State has " 'so far insinuated itself into a position of interdependence with [Dunbar] that it must be recognized as a joint participant in the challenged activity.' " *Gorenc v. Salt River Project Agric. Improvement & Power Dist.,* 869 F.2d 503, 507 (9th Cir. 1988) (quoting *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 725, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961)), *cert. denied,* 493 U.S. 899 (1989). Nor can it be said that the State's limited involvement established a " 'sufficiently close nexus between the State and the challenged action of [Dunbar] so the action of the latter may be fairly treated as that of the state itself.' " *Id.* at 506 (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). The stream cleaning project was initiated solely

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

by the private organization and was not proposed, suggested, encouraged, or directed by any State official. Moreover, the mere fact that the State had the power to regulate the activities under its environmental laws does not convert Dunbar's actions into that of the State. *See id.* at 507 ("[R]egulation alone [does not] confer state action on a private actor.").

■ 3. The district court's grant of summary judgment on appellants' CWA citizen suit was also proper. We reject appellants' suggestion that the Army Corps of Engineers' subsequent decision to revoke Dunbar's nationwide permit somehow rendered invalid all his previous work on the fishpond wall. Appellants' argument that Dunbar was required to obtain a section 401 water quality certificate, 33 U.S.C. § 1341, is equally without merit, given the State Department of Health's position that it waived the section 401 certification requirement.

Moreover, we agree with the district court's conclusion that the presence of the fishpond wall does not constitute an ongoing violation of the CWA. Appellants' expert on this issue concluded in his 1995 report that the wall was the most likely source of turbidity in the water. In his 1998 deposition, however, the expert retreated from his initial position, conceding at one point that he could not state to a reasonable scientific or engineering probability whether the sediment in the water was coming from the delta, the wall, or from the shoreline. In contrast, Dunbar's expert testified that the fishpond wall was not presently the cause of any turbidity in the water. We find that, in light of this and other evidence, no reasonable finder of fact could find for appellants.

AFFIRMED.